UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

DICTER PINEDA and MILAGROS LOPEZ FARINAS,
on behalf of themselves and all similarly situated employees,

    Plaintiffs,

vs.

TLC SOLUTIONS OF FLORIDA, INC.
a Florida corporation; and MELODY
MEZA, individually

    Defendant.

_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiffs, DICTER PINEDA ("PINEDA") and MILAGROS LOPEZ FARINAS ("FARINAS") on behalf of themselves and all similarly situated employees, sue Defendant, TLC SOLUTIONS OF FLORIDA, INC., a Florida corporation ("TLC") and MELODY MEZA ("MEZA")(collectively referred to as "Defendants"), and state as follows:

**Jurisdiction**

1. This is an action for damages brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. §§ 201-209 (hereinafter "FLSA") and or other relief.

2. Plaintiffs invoke this Court's supplemental and pendant jurisdiction over Plaintiffs' state law claims.

3. Venue is proper in Palm Beach County, Florida since the Defendant, TLC, does business in Palm Beach County and since all of the claims accrued in Palm Beach County, Florida.

Dicter Pienda et al. v. TLC Solutions of Florida, Inc.et sl
Complaint for Damages and Demand for Jury Trial
Page **2** of **11**

## The Parties/Participants

4. PINEDA is an individual residing in Palm Beach County, Florida and is *sui juris*. PINEDA was at all material times hereto an employee of TLC.

5. FARINAS is an individual residing in Palm Beach County, Florida and is *sui juris*. FARINAS was at all material times hereto an employee of TLC.

6. Defendant, TLC, does business in South Florida as a medical patient transportation company in West Palm Beach, Florida, that contracts to provide transportation of medical patients to medical facilities and physician offices throughout South Florida.

7. Defendant MELODY MEZA is a resident of Palm Beach County, Florida and is *sui juris* and is the President, Vice President, Secretary and Director of TLC.

8. Upon information and belief, MEZA, at all times hereto was responsible for running the company's day to day operations. In this regard, MEZA, individually or through those under her direction and control:

   a. Had the power to hire, fire and discipline Plaintiffs and others similarly situated;

   b. Supervised and directed the work of Plaintiffs and others similarly situated;

   c. Determined rates of pay and method of compensation for Plaintiffs and others similarly situated

   d. Set and or approved the hours of work for Plaintiffs and others similarly situated; and

Case 9:22-cv-81284-XXXX   Document 1   Entered on FLSD Docket 08/18/2022   Page 3 of 13

Dicter Pienda et al. v. TLC Solutions of Florida, Inc.et sl
Complaint for Damages and Demand for Jury Trial
Page **3** of **11**

   e. Had control over the FLSA violations alleged below.  As a result, at all times material MEZA acted directly or indirectly in the interest of an employer within the meaning of §203(d) of the FLSA and she is personally liable for the FLSA violations allege below.

## General Allegations

9. This is an action seeking recover of unpaid overtime compensation owed to Plaintiffs and similarly situated employees, pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et. seq,* as amended ("FLSA").

10. At all times material hereto, Plaintiffs were and are residents of the State of Florida and were employed by Defendant, TLC.

11. At all times material hereto, Defendant TLC was doing business in the State of Florida and has regularly engaged in activities that involve interstate commerce or that are specifically covered by the FLSA.  Moreover, at all times material hereto, the Defendant TLC had annual gross sales or business in the amount not less than $500,000.00.  By reason of the foregoing, the Defendant TLC was and is an "employer" within the meaning of Section 3(d) of the FLSA.

12. On many occasions throughout their employment with Defendant TLC, Plaintiffs and all similarly situated employees worked in excess of forty hours per week and were not paid the required overtime premium for any hours worked beyond forty per week.

13. During the time that PINEDA has been employed at TLC (approximately 1/19/22) through 6/1/22) and during the time that FARINAS has been employed at TLC (approximately 1/19/22 to 6/1/22) they and all similarly situated employees have been improperly characterized as independent contractors rather than as employees and wrongfully issued and filed with the IRS

Case 9:22-cv-81284-XXXX   Document 1   Entered on FLSD Docket 08/18/2022   Page 4 of 13

Dicter Pienda et al. v. TLC Solutions of Florida, Inc.et sl
Complaint for Damages and Demand for Jury Trial
Page **4** of **11**

1099's for each year employed, so that TLC could attempt to avoid complying with Federal and State laws including, but not limited to, the failure to pay Federal payroll taxes and State unemployment taxes. As to Plaintiffs, and all similar situated employees, Defendants (a) dictated the days and hours they would work; (b) provided all tools they needed to perform their work; (c) required them to use Defendant's equipment/facilities; and (d) dictated and directed, supervised and managed them in all work they did and otherwise always acted as their employer.

14. Plaintiffs have retained the undersigned law firm in this matter and have agreed to pay it a reasonable fee for its services.

## Count I – Recovery of Overtime Compensation (FLSA)

15. The Plaintiffs reassert and reallege the allegations contained within paragraphs 1 through 14 as if the same were more fully set forth herein.

16. For purpose of this claim, Plaintiffs and all similarly situated individual were employees mischaracterized as independent contractors of TLC and contracted as non-emergency medical drives when they were in fact employees as defined by the FLSA.

17. At all times relevant the Defendants were otherwise charged with the responsibility of paying wages to Plaintiffs and all similarly situated individuals.

18. Defendants are an employer as defined by the Fair Labor Standards Act.

19. The Plaintiffs bring this action on their own behalf and on behalf of all similarly situated individuals to recover overtime compensation or other relief as guaranteed them under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

Case 9:22-cv-81284-XXXX   Document 1   Entered on FLSD Docket 08/18/2022   Page 5 of 13

Dicter Pienda et al. v. TLC Solutions of Florida, Inc.et sl
Complaint for Damages and Demand for Jury Trial
Page **5** of **11**

20. Plaintiffs, and all similarly situated individuals, were all non-exempt hourly paid employees of Defendant TLC wrongfully classified as independent contractors employed as non-emergency medical drivers by TLC.

21. This action is brought to recover from Defendants overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under provisions of Title 29 U.S.C. §216(b) (the "Act").

22. Jurisdiction is conferred on this Court by Title 28, U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, Plaintiffs and all similarly situated individuals were characterized and paid as independent contractors but were in fact employees of Defendants, who acted as an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(s). The annual gross sales volume of Defendant TLC was in excess of five hundred thousand dollars per annum.

23. At all times pertinent to this action, Defendants failed to comply with Title 29 U.S.C. §§201-209 in that Plaintiffs and all similarly situated individuals performed services for Defendant TLC for which no provision was made by Defendants to properly pay Plaintiffs and all similarly situated individuals an overtime premium for all hours worked in excess of forty (40) hours within a work week. Plaintiffs and all similarly situated individuals, worked overtime hours on one or more work weeks and did not receive the overtime premium for any such hours.

24. Defendants had full knowledge that Plaintiffs and all similarly situated individuals were required to and in fact did work hours in excess of forty (40) hours on a regular basis and failed to compensate Plaintiffs and all similarly situated individuals as required by law for the same.

Case 9:22-cv-81284-XXXX   Document 1   Entered on FLSD Docket 08/18/2022   Page 6 of 13

Dicter Pienda et al. v. TLC Solutions of Florida, Inc.et sl
Complaint for Damages and Demand for Jury Trial
Page **6** of **11**

25.     The records, if any, concerning the number of hours actually worked by Plaintiffs and the compensation that each was paid are in the possession and custody of Defendants or have been deliberately altered and/or destroyed by Defendants.

26.     Plaintiffs, and all similarly situated individuals, are entitled to be paid time and a half their regular rate of pay for each and every hour worked in excess of forty (40) hours per work week whether worked on or off the clock or whether reflected on any documents maintained by Defendants.  A preliminary estimated summary of the overtime hours worked by Plaintiffs during the relevant period of time and the damages due Plaintiffs under the FLSA shows that during the recoverable work weeks ending January 21, 2022 through June 3, 2022 that Plaintiff PINEDA worked a total of 369.5 overtime hours and that Plaintiff FARINAS worked a total of 246.23 overtime hours and that Plaintiffs are owed and due unpaid overtime and liquidated damages in the total amount of $5,173.00 and $3,693.45 respectively.  A copy of the preliminary damage calculation worksheets for each Plaintiff are attached hereto as Exhibit "A".[1]

27.     By reason of said unlawful acts of Defendants, Plaintiffs and all similarly situated individuals have suffered damages plus incurred costs and reasonable attorneys' fees.

28.     As a result of Defendants' violations of the Act, Plaintiffs and all similarly situated individuals are entitled to liquidated damages.

WHEREFORE, Plaintiffs, DICTER PINEDA and MILAGROS LOPEZ FARINAS on behalf of themselves and all similarly situated employees, demand judgment against Defendants, TLC SOLUTIONS OF FLORIDA, INC., a Florida corporation and MELODY MEZA, for payment of all overtime hours at one and one half times their regular rate of pay due each of them

---

[1] The calculation of damages owed each Plaintiff is tentative and will be adjusted once Plaintiff is provided with detailed time and payroll records, which are in the care, custody and control of Defendant.

Case 9:22-cv-81284-XXXX   Document 1   Entered on FLSD Docket 08/18/2022   Page 7 of 13

Dicter Pienda et al. v. TLC Solutions of Florida, Inc.et sl
Complaint for Damages and Demand for Jury Trial
Page **7** of **11**

for the hours worked by them for which they have not been properly compensated, liquidate damages and reasonable attorneys' fees and costs of suit, and for all other proper relief including injunctive, declaratory relief and pre-judgment interest.

### Count II – Violations of Unfair and Deceptive Trade Practices Act

29. The Plaintiffs reassert and reallege the allegations contained within paragraphs 1 through 14 as if the same were more fully set forth herein.

30. The actions of Defendant TLC in intentionally misclassifying Plaintiffs as independent contractors and thus avoiding payment of all required taxes and insurance premiums and required overtime are an unfair and deceptive trade practice prohibited by Florida Statutes.

31. As a direct and proximate result of Defendant's TLC's unfair and deceptive trade practices, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, DICTER PINEDA and MILAGROS LOPEZ FARINAS on behalf of themselves and all similarly situated employees, demand judgment against Defendant, TLC SOLUTIONS OF FLORIDA, INC., a Florida corporation, for damages as allowed by law, together with interest, costs, attorneys' fees and provided by Fla.Stat. §501.211, and for any and all other relief this Court deems just and proper under the circumstances.

### Count III – Declaratory Relief

32. The Plaintiffs reassert and reallege the allegations contained within paragraphs 1 through 14 as if the same were more fully set forth herein.

33. TLC contends that Plaintiffs are independent contractors.

Case 9:22-cv-81284-XXXX   Document 1   Entered on FLSD Docket 08/18/2022   Page 8 of 13

Dicter Pienda et al. v. TLC Solutions of Florida, Inc.et sl
Complaint for Damages and Demand for Jury Trial
Page **8** of **11**

34. There is a bona fide, actual and present need for declaratory relief between the parties. Plaintiffs contend that they have been improperly classified as independent contractors when in fact they were employees.

35. Plaintiffs seek a declaration concerning a present, ascertained or ascertainable state of facts and in particular a declaration of whether they were independent contractors or employees as a matter of law.

36. An immunity, power, privilege or right of Plaintiffs is dependent upon the facts and the law applicable to the facts.

37. Plaintiffs have, or are reasonable expected to have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law.

38. The antagonistic and/or adverse interests are before this court by proper process.

39. The relief sought is not merely for giving of legal advice.

WHEREFORE, Plaintiffs, DICTER PINEDA and MILAGROS LOPEZ FARINAS demand declaratory judgment and request damages, together with interest and court costs, and for any and all other and further relief this court deems just and proper under the circumstances.

### **Count IV – Breach of Contract (Unpaid Wages)**

40. The Plaintiffs reassert and reallege the allegations contained within paragraphs 1 through 14 as if the same were more fully set forth herein.

41. Plaintiffs performed regular work per the terms of an Independent Contractor Agreement ("Agreement") for which they were not compensated. A copy of the form of the Independent Contractor Agreement is attached hereto and incorporated herein as Exhibit "B".

Case 9:22-cv-81284-XXXX   Document 1   Entered on FLSD Docket 08/18/2022   Page 9 of 13

Dicter Pienda et al. v. TLC Solutions of Florida, Inc.et sl
Complaint for Damages and Demand for Jury Trial
Page **9** of **11**

42. Defendant TLC has breached the terms of the Agreement by not paying them all agreed to wages earned thereunder.

43. Based upon current information and belief Plaintiff, PINEDA, from 1/19/2022 through 6/1/2022 worked approximately 37.61 regular hours for which he was not compensated at the agreed to applicable hourly rate; and Plaintiff, FARINAS, from 1/19/22 through 6/1/22 worked approximately 26.79 regular hours for which she was not compensated at the agreed to applicable hourly rate.

44. Plaintiffs have been damaged in the amount due and owed for uncompensated work performed pursuant to the terms and conditions of the Agreements.

45. Pursuant to Fla. Stat. §448.08, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs in having to bring and maintain this claim for unpaid wages.

WHEREFORE, Plaintiffs, DICTER PINEDA and MILAGROS LOPEZ FARINAS on behalf of themselves and all similarly situated employees, respectfully request this Honorable Court:

A. Require Defendant, TLC SOLUTIONS OF FLORIDA, INC., a Florida corporation, provide the Court a detailed accounting of all monies/wages due by TLC SOLUTIONS OF FLORIDA, INC., a Florida corporation in regard to any and all work performed by Plaintiffs.

B. Enter an Order for damages for unpaid wages against Defendant, TLC SOLUTIONS OF FLORIDA, INC., a Florida corporation, for each Plaintiff;

C. Enter an Order awarding attorneys' fees and costs pursuant to Fla. Stat. §448.08;

D. Enter an Order awarding each Plaintiff pre and post judgment interest upon all monies due and award it from the date they became due; and

E. Grant any further relief this Court deems just and proper.

Dicter Pienda et al. v. TLC Solutions of Florida, Inc.et sl
Complaint for Damages and Demand for Jury Trial
Page **10** of 11

## Count V – Unjust Enrichment

46. The Plaintiffs reassert and reallege the allegations contained within paragraphs 1 through 14, and 43 and 44, as if the same were more fully set forth herein.

47. As a result of services rendered by Plaintiffs as non-emergency medical drivers, defendant has been unjustly enriched in the amount of the wages/monies it retained and/or failed to pay out to Plaintiffs.

48. The Defendant, TLC, fully accepted the benefits of all services rendered and performed by Plaintiffs as non-emergency medical drivers.

49. Defendant, TLC, has failed to pay or compensate Plaintiffs for services rendered as non-emergency medical drivers for Defendant.

50. Defendant, TLC, has been unjustly enriched in the amount of wages/monies not paid as agreed.

WHEREFORE Plaintiffs, DICTER PINEDA and MILAGROS LOPEZ FARINAS on behalf of themselves and all similarly situated employees, respectfully request this Honorable Court:

A. Require Defendant, TLC SOLUTIONS OF FLORIDA, INC., a Florida corporation, provide the Court a detailed accounting of all wages/monies earned and paid to each Plaintiff;

B. Enter an Order for damages in an amount equal to total unpaid and earned wages/monies owed to each Plaintiff;

C. Enter an Order awarding pre and post judgment interest upon all monies due and awarded from the time they became due; and

D. Grant any further relief this court deems just and proper.

Case 9:22-cv-81284-XXXX   Document 1   Entered on FLSD Docket 08/18/2022   Page 11 of 13

Dicter Pienda et al. v. TLC Solutions of Florida, Inc.et sl
Complaint for Damages and Demand for Jury Trial
Page **11** of **11**

## **Demand for Jury Trial**

Plaintiff demands trial by jury on all issues so triable.

> CHRISTOPHER C. COPELAND, P.A.
> 1003 W. Indiantown Road, Suite 208
> Jupiter, FL  33458
> 561-691-9048 (office)
> 866-259-0719 (FAX)
> Primary e-mail: Chris@CopelandPA.com
> Secondary e-mail: Carla@CopelandPA.com
>
>
> /s/ Christopher C Copeland
> CHRISTOPHER C. COPELAND, ESQ.
> Florida Bar #938076
> *Attorney for Plaintiffs*

Employee Name: Dicter Pineda
Date of claim: 1/19/22-6/1/22
Employer: TLC Solutions of Florida, Inc.

Damage Calculation Worksheet
Exhibit A

| Work Week Ending | Hourly Rate | Overtime Rate | Hours Actually Worked | Hours Paid | Unpaid Regular Hours | Unpaid Overtime Hours | Unpaid Hours Total | Unpaid Reg. Wages | Unpaid OT Wages + LD |
|---|---|---|---|---|---|---|---|---|---|
| 1/21/2022 | $14.00 | $7.00 | 21.00 | 21.00 | 0.00 | 0.00 | | $0.00 | $0.00 |
| 1/28/2022 | $14.00 | $7.00 | 65.00 | 65.00 | 0.00 | 25.00 | | $0.00 | $350.00 |
| 2/4/2022 | $14.00 | $7.00 | 65.00 | 65.00 | 0.00 | 25.00 | | $0.00 | $350.00 |
| 2/11/2022 | $14.00 | $7.00 | 61.00 | 61.00 | 0.00 | 21.00 | | $0.00 | $294.00 |
| 2/18/2022 | $14.00 | $7.00 | 65.25 | 65.25 | 0.00 | 25.25 | | $0.00 | $353.50 |
| 2/25/2022 | $14.00 | $7.00 | 59.75 | 59.75 | 0.00 | 19.75 | | $0.00 | $276.50 |
| 3/4/2022 | $14.00 | $7.00 | 64.75 | 64.75 | 0.00 | 24.75 | | $0.00 | $346.50 |
| 3/11/2022 | $14.00 | $7.00 | 58.75 | 58.75 | 0.00 | 18.75 | | $0.00 | $262.50 |
| 3/18/2022 | $14.00 | $7.00 | 73.00 | 73.00 | 0.00 | 33.00 | | $0.00 | $462.00 |
| 3/25/2022 | $14.00 | $7.00 | 67.00 | 65.50 | 1.50 | 27.00 | | $21.00 | $378.00 |
| 4/1/2022 | $14.00 | $7.00 | 59.00 | 54.50 | 4.50 | 19.00 | | $63.00 | $266.00 |
| 4/8/2022 | $14.00 | $7.00 | 59.00 | 44.50 | 14.50 | 19.00 | | $203.00 | $266.00 |
| 4/15/2022 | $14.00 | $7.00 | 49.50 | 49.50 | 0.00 | 9.50 | | $0.00 | $133.00 |
| 4/22/2022 | $14.00 | $7.00 | 64.00 | 60.91 | 3.09 | 24.00 | | $43.26 | $336.00 |
| 4/29/2022 | $14.00 | $7.00 | 59.50 | 59.50 | 0.00 | 19.50 | | $0.00 | $273.00 |
| 5/6/2022 | $14.00 | $7.00 | 63.00 | 59.73 | 3.27 | 23.00 | | $45.78 | $322.00 |
| 5/13/2022 | $14.00 | $7.00 | 60.00 | 59.00 | 1.00 | 20.00 | | $14.00 | $280.00 |
| 5/20/2022 | $14.00 | $7.00 | 56.00 | 54.25 | 1.75 | 16.00 | | $24.50 | $224.00 |
| 5/27/2022 | $14.00 | $7.00 | 35.00 | 27.00 | 8.00 | 0.00 | | $112.00 | $0.00 |
| 6/3/2022 | $14.00 | $7.00 | | 21.00 | 0.00 | 0.00 | | $0.00 | $0.00 |
| | | | | | 37.61 | 369.50 | | $526.54 | $5,173.00 |

1

Employee Name: Farinas  
Date of claim: 1/19/22-6/1/22  
Employer: TLC Solutions of Florida, Inc.

Damage Calculation Worksheet  
Exhbit A

| Work Week Ending | Hourly Rate | Overtime Rate | Hours Actually Worked | Hours Paid | Unpaid Regular Hours | Unpaid Overtime Hours | Unpaid Hours Total | Unpaid Reg. Wages | Unpaid OT Wages + LD |
|---|---|---|---|---|---|---|---|---|---|
| 1/21/2022 | $15.00 | $7.50 | 21.93 | 21.93 | 0.00 | 0.00 | | $0.00 | $0.00 |
| 1/28/2022 | $15.00 | $7.50 | 53.43 | 53.43 | 0.00 | 13.43 | | $0.00 | $201.45 |
| 2/4/2022 | $15.00 | $7.50 | 53.43 | 53.43 | 0.00 | 13.43 | | $0.00 | $201.45 |
| 2/11/2022 | $15.00 | $7.50 | 63.25 | 56.50 | 6.75 | 23.25 | | $101.25 | $348.75 |
| 2/18/2022 | $15.00 | $7.50 | 65.38 | 60.00 | 5.38 | 25.38 | | $80.70 | $380.70 |
| 2/25/2022 | $15.00 | $7.50 | 57.61 | 48.25 | 9.36 | 17.61 | | $140.40 | $264.15 |
| 3/4/2022 | $15.00 | $7.50 | 38.00 | 38.00 | 0.00 | 0.00 | | $0.00 | $0.00 |
| 3/11/2022 | $15.00 | $7.50 | 58.30 | 53.00 | 5.30 | 18.30 | | $79.50 | $274.50 |
| 3/18/2022 | $15.00 | $7.50 | 63.50 | 63.50 | 0.00 | 23.50 | | $0.00 | $352.50 |
| 3/25/2022 | $15.00 | $7.50 | 59.75 | 59.75 | 0.00 | 19.75 | | $0.00 | $296.25 |
| 4/1/2022 | $15.00 | $7.50 | 56.75 | 56.75 | 0.00 | 16.75 | | $0.00 | $251.25 |
| 4/8/2022 | $15.00 | $7.50 | 51.00 | 51.00 | 0.00 | 11.00 | | $0.00 | $165.00 |
| 4/15/2022 | $15.00 | $7.50 | 67.25 | 67.25 | 0.00 | 27.25 | | $0.00 | $408.75 |
| 4/22/2022 | $15.00 | $7.50 | 75.58 | 75.58 | 0.00 | 35.58 | | $0.00 | $533.70 |
| 4/29/2022 | $15.00 | $7.50 | 41.00 | 41.00 | 0.00 | 1.00 | | $0.00 | $15.00 |
| 5/6/2022 | $15.00 | $7.50 | 30.91 | 30.91 | 0.00 | 0.00 | | $0.00 | $0.00 |
| 5/13/2022 | $15.00 | $7.50 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 |
| 5/20/2022 | $15.00 | $7.50 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 |
| 5/27/2022 | $15.00 | $7.50 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 |
| 6/3/2022 | $15.00 | $7.50 | | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 |
| | | | | | | | | $401.85 | $3,693.45 |